## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LARRY TATE,**

|  |  |
|---|---|
| | **Case No. 2:17-cv-12221** |
| **Plaintiff,** | **District Judge Barnard A. Friedman** |
| **v.** | **Magistrate Judge Anthony P. Patti** |

**CAPITAL BANK,**

**Defendant.**
_____/

## REPORT AND RECOMMENDATION TO
## DISMISS PLAINTIFF'S COMPLAINT (DE 1)

**I.     RECOMMENDATION**: The Court should **DISMISS** Plaintiff's complaint (DE 1) for his apparent failure to effect service of a summons and complaint upon Defendant Capital Bank in accordance with Fed. R. Civ. P. 4(m) and/or for Plaintiff's failure to show cause in accordance with the Court's December 27, 2017 order (DE 9).

**II.     REPORT**

### A.     Introduction

On June 30, 2017, Plaintiff initiated this lawsuit *in pro per* in the Western District of Michigan, alleging that Defendant violated the Fair Credit Reporting Act (FCRA).  (*See* 15 U.S.C. §§ 1681-1681x).  His statement of claim is very brief:

> I applied for insurance through Defendant, Capital Bank, in August
> 2016. Defendant violated the [FCRA] by providing Experian,
> Equifax, and Transunion inaccurate information in my credit report[,]
> which caused my coverage to be denied. After being notified of the
> inaccurate information[,] the Defendant failed to correct the
> information.

(DE 1 at 4.) Plaintiff seeks an order requiring Defendant "to correct the inaccurate

information in [his] credit report[,]" as well as an award of punitive damages. (*Id*.)

Shortly after Plaintiff filed his complaint, Magistrate Judge Carmody entered

an order to transfer the case to the Eastern District of Michigan. (DE 3.) On

September 13, 2017, this Court entered an opinion and order granting Plaintiff's

application to proceed *in forma pauperis*. (DEs 2, 5.) On the same date, the Clerk

of this Court issued a summons for Capital Bank. (DE 6.) *See* Fed. R. Civ. P.

4(b).

### B.    Show Cause Order

Judge Friedman has referred this case to me for pretrial matters. As of

December 27, 2017, Plaintiff had not filed a proof of service with the Court, Fed.

R. Civ. P. 4(l); and, Defendant Capital Bank had not appeared. Thus, it appeared

that Plaintiff had failed to effect service of a summons and complaint upon

Defendant Capital Bank in accordance with Fed. R. Civ. P. 4(c),(e). Moreover, the

90-day time limit for service had passed. Fed. R. Civ. P. 4(m).

For these reasons, I entered an order requiring Plaintiff to show cause why

this case should not be dismissed for failure to comply with Fed. R. Civ. P. 4. (DE

9.)  In particular, Plaintiff was "cautioned that a failure to comply with this order may result in the dismissal of the instant lawsuit."  (DE 9 at 2.)

Plaintiff's written response was due "no later than **January 22, 2018**[.]" (DE 9 at 2 (emphasis in original).)  As of the close of business on March 22, 2018, no such response had been filed.

### C.    Conclusion

To date, the status of this case remains as it did on December 27, 2017.  In fact, thus far, the only matters Plaintiff has filed in this case appear to be the initiating documents submitted to the W.D. Mich.:  **(1)** the complaint (DE 1), **(2)** the application to proceed without prepayment of fees and affidavit (DE 2), and **(3)** proposed summons (*see* DE 4).  It still appears that Plaintiff has failed to effect service of a summons and complaint upon Defendant in accordance with Fed. R. Civ. P. 4.  Moreover, Plaintiff has failed to show cause in accordance with the Court's December 27, 2017 order (DE 9), and he was cautioned that a failure to comply might result in dismissal of this lawsuit.  A copy of that order was served upon Plaintiff at his address of record, and there is no indication on the docket that it was returned as undeliverable.  For these reasons, the case should be dismissed.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.*  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.*  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 26, 2018                    s/Anthony P. Patti
                                         Anthony P. Patti
                                         UNITED STATES MAGISTRATE JUDGE

## **Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on March 26, 2018, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti